**Opinion issued October 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00859-CV

———————————

**WILLIAMSON SURVIVORS, Appellant**

**V.**

**MUSTANSIR VEJLANI, M.D., NORTH HOUSTON-TRMC, LLC D/B/A HCA HOUSTON HEALTHCARE TOMBALL, AND REBECCA WIMBERLY, R.N., Appellees**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-14298**

---

## MEMORANDUM OPINION

Pro se appellant Karen Williamson filed a lawsuit alleging that appellees

Mustansir Vejlani, Rebecca Wimberly, and North Houston-TRMC, LLC d/b/a HCA

Houston Healthcare Tomball—a doctor, a nurse, and a hospital—were responsible

for her husband's death because they did not provide appropriate medical care when he was hospitalized. On appellees' motion, the trial court dismissed Williamson's claims for failure to serve an expert report under the Texas Medical Liability Act ("TMLA").[1] We affirm.

## Background

In her original petition, Williamson alleged that various acts and omissions of appellees (and several other defendants who are not parties to this appeal) in providing medical care and treatment when her husband was hospitalized caused or contributed to cause her husband's death. She requested economic and noneconomic damages on behalf of the "Willamson Survivors."

Appellees denied Williamson's allegations in their respective answers and, after waiting 120 days, moved to dismiss her claims under the TMLA. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b). Contending that the claims were health care liability claims, appellees asked the trial court to dismiss because Williamson had not filed an expert report setting out the applicable standard of care, how appellees' conduct failed to meet that standard, and the causal relationship between that failure and the alleged harm. *See id.* § 74.351(a), (b), (r)(6). Williamson did not respond to the dismissal motions. The trial court granted appellees' motions, dismissed

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 74.351.

Williamson's claims against them, and severed this action from the remaining claims against the other defendants.

Williamson appealed.[2]

**Dismissal under the TMLA**

The arguments in Williamson's pro se appellate brief are difficult to discern. Construing her brief liberally, we understand Williamson's appellate arguments to include a list of a various wrongdoings appellees allegedly committed in connection with their care and treatment of her husband when he was hospitalized. *See Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam) (urging courts to construe briefs liberally but reasonably). However, Williamson's claims were dismissed under the TMLA for her failure to serve an expert report, and we find no argument addressing that ruling in her appellate brief.

Relevant here, the TMLA requires a plaintiff asserting a health care liability claim to file an expert report and serve it on each party against whom the claim is asserted, "not later than the 120th day after the date each defendant's original answer is filed." TEX. CIV. PRAC. & REM. CODE § 74.351(a); *see also Collin Creek Assisted Living Ctr., Inc. v. Faber*, 671 S.W.3d 879, 885 (Tex. 2023). An expert report is "a

---

[2] This is Williamson's second appeal from the dismissal of her claims against appellees. The Court dismissed the prior appeal for lack of appellate jurisdiction because a final judgment had not yet been rendered as to these appellees. *See Williamson v. Chahal*, No. 01-21-00622-CV, 2022 WL 17981568, at *1–3 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, no pet.) (mem. op.).

written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6).

If a claimant fails to serve a timely and compliant expert report, the trial court, on the motion of the affected health care provider, must dismiss the health care liability claim with prejudice. *Id.* § 74.351(a), (b); *Collin Creek*, 671 S.W.3d at 885; *see also Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 362 (Tex. 2019) ("Dismissal with prejudice is required if an expert report is not timely served."). Whether a claim is a health care liability claim subject to the procedural requirements of the TMLA is a question we review de novo. *See Collin Creek*, 671 S.W.3d at 885.

As noted, appellees each moved to dismiss on the sole ground that Williamson asserted health care liability claims and did not file the required expert report. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a), (b). Although Williamson argues in her brief that appellees committed several errors or omissions (citing several different laws including even criminal statutes) she does not set forth any argument for why appellees' motions to dismiss should not have been granted under the TMLA. We thus cannot conclude the trial court erred in dismissing the claims against appellees

4

under section 74.351 for failure to serve an expert report within 120 days of appellees' answers or in severing this action from the remainder of the lawsuit.

Accordingly, we must affirm the trial court's judgment.


Andrew Johnson
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.

5